UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALEKSEI YEVGENYEVICH SARAEV, and all others similarly situated

    Plaintiff,

vs.

D & N HOLDINGS, INC. D/B/A THE CLOSET EDITION, and DANIEL BADENHORST, individually,

    Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, ALEKSEI YEVGENYEVICH SARAEV, by and through his undersigned attorney, and hereby sues Defendants, D & N HOLDINGS, INC. D/B/A THE CLOSET EDITION (hereinafter "D & N"), a Florida Corporation, and DANIEL BADENHORST, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant D & N is a Florida corporation which regularly conducted business within the Southern District of Florida by operating a wooden closet manufacturing company.

6. D & N is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, D & N operated as an organization which had two or more employees handle goods and/or materials on a regular and consistent basis that were manufactured outside the state of Florida. The materials used by Defendants, such as different variations of wood and Laminate that D & N purchased and used in their products, were either purchased directly from an out of state vendors and/or were purchased from a local vendor and were manufactured at a location outside the state of Florida.

7. Upon information and belief, the annual gross revenue of D & N was at all times material hereto in excess of $500,000.00 per annum. D & N had gross annual revenue in excess of $500,000, for the year of 2016. D & N had gross annual revenue in excess of $125,000, during the first quarter of 2017. Upon information and belief, the gross annual revenue for D & N is expected to exceed $500,000.00 for the year of 2017.

8. By reason of the foregoing, D & N is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, DANIEL BADENHORST, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant DANIEL BADENHORST controlled the purse strings for the corporate Defendant. Defendant DANIEL BADENHORST hired and fired employees,

determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as a furniture installer.

12. Plaintiff was employed from on or about September 8, 2016 through March 3, 2017.

13. During the approximate period of September 8, 2016 through January 25, 2017 Plaintiff worked approximately 60 hours per week and was initially paid $15/hr. for the first two weeks of employment with Defendants before receiving a raise to $16/hr. for said work but was not paid the time and one-half overtime rate for each hour worked. Therefore, Plaintiff claims the halftime overtime rate for each overtime hour worked.

14. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that

he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due.

17. The similarly situated individuals are those individuals whom were employed by the Defendants as installers like the Plaintiff, and whom were not paid overtime wages.

18. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

## **COUNT II. CLAIM FOR FLSA MINIMUM WAGES**

19. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

20. Plaintiff was employed from on or about September 8, 2016 through March 3, 2017.

21. During the last 3 days of Plaintiff's employment with Defendants, Plaintiff worked a total of 33 hours for which he was not paid any wages whatsoever.

22. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each hour worked. Defendants failed to pay minimum wages to the Plaintiff when they failed to pay him any wages for his last three days of employment with Defendants.

23. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of the hours worked by Plaintiff, Defendants failed to pay Plaintiff his legally mandated minimum wages.

24. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

## COUNT III. CLAIM FOR UNPAID WAGES UNDER F.S. 448.08

25. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

26. This Court has jurisdiction for Plaintiff's claim for unpaid wages under the Court's Supplemental Jurisdiction. 28 USC §1367.

27. This is a claim for unpaid wages pursuant to Florida Statute § 448.08.

28. Plaintiff was employed from on or about September 8, 2016 through March 3, 2017.

29. Defendants agreed to pay Plaintiff an hourly rate of $16/hr.

30. During the last 3 days of Plaintiff's employment with Defendants, Plaintiff worked a total of 33 hours for which he was not paid any wages whatsoever. Plaintiff therefore brings a claim pursuant to Florida Statute 448.08 for $16.00/hr. for 33 hours of work performed for Defendants during the last three days of his employment with Defendants.

31. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

Wherefore, Plaintiff requests all damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with liquidated damages, court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: March 15, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350 A
North Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561